IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHA'LACE REANE NICOLE GIPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-153 |
| | ) | |
| AUGUSTA ARTHRITIS CENTER; | ) | |
| DR. RENEE PETERKIN-McCALMAN; | ) | |
| EMORY UNIVERSITY HEALTH; | ) | |
| AUGUSTA UNIVERSITY HEALTH; | ) | |
| AUGUSTA RHEMATOLOGY INSTITUTE; | ) | |
| DR. NAVEEDA T. AHMED; and | ) | |
| DR. KATINA CHRISTINA TSUGARIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

### I.    Screening the Complaint

#### A.    Background

Plaintiff names the following defendants:  (1) Augusta Arthritis Center, (2) Dr. Renee Peterkin-McCalman, (3) Emory University Health, (4) Augusta University Health, (5) Augusta Rhematology Institute, (6) Dr. Naveeda T. Ahmed, and (7) Dr. Katina Christina Tsugaris. (Doc. no. 1, pp. 1-2.)  Plaintiff lists an address in Augusta, Georgia as her residence, and lists

addresses in Georgia for all Defendants.  (Id.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In a one-paragraph statement of claim that does not mention any Defendant by name other than to say she met with an unidentified director at Augusta University Health, Plaintiff states she received "neglectful" medical care.  (Id. at 4.)  Although no dates of care are provided, Plaintiff maintains "these doctors" accused her of making things up, even when she begged for additional tests.  (Id.)  Plaintiff kept telling the doctors something was wrong with her, and because they did not help her, she thought about committing suicide.  (Id.)  After seeing twenty-five specialists, Plaintiff eventually found a doctor who told her what other doctors should have told her twenty years ago.  (Id.)

Plaintiff seeks twenty million dollars in damages for the emotional and physical stress she and her two children endured because her physical health was neglected, and she was driven to the point of considering suicide when unidentified persons and/or entities told Plaintiff she was crazy.  (Id.)  Plaintiff also seeks to have the teaching credentials stripped from two unidentified Defendants.  (Id. at 3.)

B.      Discussion

1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure

to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. <u>See Bilal v. Geo Care, LLC</u>, 981 F.3d 903, 911 (11th Cir. 2020); <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should

itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a state medical malpractice claim for which there is no federal jurisdiction.  Although Plaintiff states a federal question serves as the basis for federal court jurisdiction, she fails to identify any federal claim or cause of action.  In the portion of the complaint form reserved to listing "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that  are at issues in this case," Plaintiff simply provides a narrative that she was under the medical care of unidentified doctors who neglected

her health and caused her to consider suicide.  (Doc. no. 1, p. 3.)  As the crux of Plaintiff's complaint is her dissatisfaction with medical care provided by unspecified individuals at some unspecified time, at best she appears to be attempting to bring a state law claim for medical malpractice.

Nor has Plaintiff plead the facts necessary for diversity jurisdiction, which, as explained above, requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  While a federal court could have diversity jurisdiction over a state law medical malpractice claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction.  Based on the information in the complaint, Plaintiff, a Georgia resident, is not completely diverse from all Defendants, as Plaintiff provides Georgia addresses for the individual and corporate Defendants.  See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) ("Diversity jurisdiction requires complete diversity between named plaintiffs and defendants.  For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (citations omitted)).

Plaintiff also has not plausibly alleged the amount in controversy exceeds $75,000.  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith," and the Court finds Plaintiff's claim for millions of dollars in damages, in the absence of any factual detail, is not made in good faith.  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

In sum, because Plaintiff has failed to plead any facts demonstrating she is entitled to invoke the jurisdiction of the federal courts, her complaint is subject to dismissal.

**II.    Conclusion**

As Plaintiff has not satisfied the requirements for invoking the Court's subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of December, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA